IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LONNIE FRITTS,

    Petitioner,

v.                                               CASE NO. 1:14-cv-207-MP-GRJ

JULIE JONES, et al.,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

Petitioner, an inmate in the custody of the Florida Department of Corrections, initiated this case by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). After his original petition had been served, Petitioner sought leave to amend his petition, which was granted, and Petitioner filed an Amended Petition on November 26, 2014. (Doc. 5.) Currently pending before the Court is Respondent's Motion to Dismiss Ground Two of the Amended Petition for Writ of Habeas Corpus. (Doc. 9.) Petitioner has not filed a response in opposition and the time for doing so has long since passed. For the following reasons, it is recommended that the motion to dismiss should be granted and the parties should be directed to brief the merits of the remaining claim in Ground One of the Amended Petition.

## One-Year Limitations Period

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment and runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances." 28 U.S.C. § 2244(d)(2); *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). The petitioner bears the burden of showing that equitable tolling is warranted. *Drew v. Dept' of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002).

## Discussion

Petitioner's state court procedural history is as follows: Following a jury trial, Petitioner was convicted of one count of burglary of a dwelling and one count of grand theft. (Doc. 10-1 at 211-212.) He was sentenced on February 1, 2010 to fifteen years imprisonment on the burglary charge (with 690 days credit for time served) and five years imprisonment on the grand theft charge, to run consecutively. (Doc. 10-1 at 214-232; Doc. 10-1 at 235-240.)

Petitioner appealed his conviction, and the First District Court of Appeal ("First DCA") reversed the conviction and sentence for felony grand theft, and remanded with instructions to enter judgment for the lesser included offense of petit theft and resentence him accordingly. (Doc. 10-1 at 243-264; Doc. 10-1 at 289-292.) Petitioner was sentenced to 60 days imprisonment on May 20, 2011, for which he was given

credit for 60 days time served.  (Doc. 10-1 at 295-299.)

Petitioner did not appeal this sentence, and his judgment became final on June 20, 2011.  *See* Fla. R. App. P. 9.140(b)(3)(allowing 30 days in which to file a notice of appeal); *Gonzalez v. Thaler*, ___ U.S. ___, 132 S.Ct. 641, 653 (2012)("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires[.]"); 28 U.S.C. § 2244(d)(1)(A).

The one year limitation period ran for 316 days from June 20, 2011 until Petitioner filed a *pro se* Rule 3.850 motion on May 2, 2012.  (Doc. 10-1 at 301-341.)  He filed an amended Rule 3.850 motion on June 1, 2012. (Doc. 10-1 at 345-387.)   As relevant, Petitioner's grounds for post conviction relief were (1) ineffective assistance of counsel in "fail[ing] to request a special jury instruction on regarding 'good faith,' also known as 'claim of right' or 'mistake of fact," and (2) ineffective assistance of counsel in "fail[ing] to call as defense witnesses Keith Breault [], Mark Brawley [], and Jeromy Easton []." (Doc. 10-1 at 329-332, 339, 375-378, 384-385.)

The 3.850 motion was summarily denied on February 19, 2014. (Doc. 10-1 at 411-420.)   Petitioner appealed the denial, and the First DCA *per curiam* affirmed without opinion.  (Doc. 10-1 at 559, 584.)  The First DCA issued its mandate on September 15, 2014, and the one-year limitation period began running.  (Doc. 10-1 at 585.)  The limitations period ran for 43 days until October 29, 2014, when Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Respondent concedes that this petition was within the one-year limitation period. (Doc. 9 at 8.)

*Case No: 1:14-cv-207-MP-GRJ*

In the petition, Petitioner presented one ground for relief: "Petitioner was denied effective assistance of counsel in violation of the sixth amendment when counsel failed to request jury instructions to support the theory of defense." (Doc. 1.)  Petitioner filed an Amended Petition on November 26, 2014.  The Amended Petition raised both the original ground and an additional second ground for relief: "Petitioner, under the 6th and 14th Amendment of the United States Constitution was denied effective assistance of counsel and due process laws when counsel failed to call three witnesses that would have supported the theory of defense." (Doc. 5.)

Respondent argues that the pendency of a federal habeas petition does not toll the one-year period and, thus, the one-year limitation period expired on October 29, 2014, meaning that Petitioner's Amended Petition was untimely. Respondent contends that Ground Two does not relate back to the original, timely petition, and is due to be dismissed as untimely.

To be considered timely, Petitioner's new claim must satisfy the "relation back" principles of Rule 15.  Fed. R. Civ. P. 15(c); *Davenport v. United States*, 217 F.3d 1341, 1344-46 (11th Cir. 2000).  A new claim "will relate back and be considered timely if [it] 'arose out of the conduct, transaction, or occurrence' set forth in his original [§ 2254] motion." *Davenport,* 217 F.3d at 1344.  For relation back to apply, the untimely claim must "have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceeding."  *Id.*  Rather, the untimely claim "must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" *Id.*  Rule 15(c) is not "so broad as to allow an amended pleading to add an entirely new claim based on a

different set of facts." *Pruitt v. United States,* 274 F.3d 1315, 1318 (11th Cir. 2001). Thus, while the rule "contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment." *Pruitt*, 274 F.3d at 1318.

The Court concludes that Ground Two does not satisfy the relation back requirements of Rule 15(c) or *Davenport*. While Petitioner raised an ineffective assistance claim in his original petition—failure to request a special jury instruction—Petitioner does not address his Ground Two claim of ineffective assistance of counsel in the original petition. Simply alleging some form of ineffective assistance in the original petition is not enough for Petitioner to be able to add an entirely new claim of ineffective assistance in his Amended Petition. Accordingly, the Court concludes that Ground Two of the Amended Petition for writ of habeas corpus does not relate back to the timely filed claim alleged in the original petition and is time-barred.

## Petitioner is Not Entitled to Equitable Tolling

Respondent also contends that Petitioner is not entitled to equitable tolling because Petitioner knew of this claim at the time he filed the original petition and excusable neglect does not qualify as extraordinary circumstances that entitles one to equitable tolling. "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition." *Helton v. Sec'y for Dept' of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001). It is "an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the

petitioner." *Drew v. Dept. of Corr.,* 297 F.3d 1278, 1286 (11th Cir. 2002). To demonstrate entitlement to equitable tolling, a petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

Petitioner makes no showing that he is entitled to equitable tolling in his amended petition. As Respondent points out, Petitioner was clearly aware of the claim he presents in Ground Two at the time of filing, because he already had presented the same claim in his Rule 3.850 motion. Excusable neglect does not warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651-652, 130 S.Ct. 2549, 2564 (2010). Accordingly, Petitioner is not entitled to the remedy of equitable tolling. Petitioner does not argue that there is any other basis for concluding that Ground Two of the Amended Petition should not be dismissed as time-barred.

For the foregoing reasons it is respectfully **RECOMMENDED** that:

Respondent's Motion to Dismiss Ground Two of the Amended Petition for Writ of Habeas Corpus, Doc. 9, should be **GRANTED** and Ground Two of the Amended Petition (Doc. 5) should be dismissed as untimely. The parties should be directed to brief Ground 1 of the Amended Petition on the merits.

**IN CHAMBERS** at Gainesville, Florida, this 12th day of May 2015.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**