IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LONNIE FRITTS,

   Petitioner,

v.          CASE NO. 1:14-cv-207-WTH-GRJ

SECRETARY, FLORIDA DEPT.
OF CORRECTIONS,

   Respondent.

_____/

## REPORT AND RECOMMENDATION

   Petitioner initiated this case by filing a *pro se* Petition for a Writ of
Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.)  In his Petition,
Petitioner contends that his trial counsel was ineffective for failing to
request jury instructions to support the "good faith" theory of defense. (*Id.*
at 5.) Petitioner then filed an Amended Petition for a Writ of Habeas
Corpus ("Amended Petition") alleging an additional second ground of relief.
(ECF No. 5.) Respondent filed a Motion to Dismiss ground two of the
Amended Petition as untimely. (ECF No. 9.) The Court granted the motion,
dismissing ground two of the Amended Petition. (ECF No. 15.)
Respondent then filed a response to the one ground remaining, ECF No.
26, along with relevant portions of the state-court record. (ECF Nos. 10-1

"Ex."[1])  Upon due consideration of the Petition, the Response, and the

state-court record, the undersigned recommends that the Petition be

denied.[2]

## Summary of State-Court Proceedings

Petitioner was arrested March 14, 2008, and charged in Count One

with burglary of a dwelling and in Count Two with grand theft. (ECF No. 10-

1 at 4, 7.) Following trial proceedings, the jury found Petitioner guilty on

both counts. (ECF No. 10-1 at 211.) On February 1, 2010, the court

sentenced Petitioner to fifteen years' imprisonment, with 690-days' credit

for time served, for Count One and five years' imprisonment, to be served

concurrently, for Count Two. (Ex. H.)

Petitioner appealed his conviction to the First District Court of

Appeals ("First District"). (Ex. J.) On April 15, 2011, the First District

reversed the grand theft conviction and remanded with directions to enter

judgment for the lesser crime of petit theft and to resentence correctly. (Ex.

N at 1.) Petitioner was resentenced to 60 days' imprisonment on May 20,

---

[1] Where an exhibit is separately paginated, the pinpoint citations to the exhibits will be the lettered exhibit followed by the appropriate page number(s). If an exhibit is not separately paginated, the identification used will be the ECF designation at the top of the page followed by the corresponding page number.

[2] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted.  *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

2011, for which he was given credit for 60 days' time served. (Ex. O.)
Petitioner did not appeal this sentence. (*Id.*)

Petitioner then sought relief pursuant to Fla. R. Crim. P. 3.850, filing
a Rule 3.850 motion *pro se* on May 2, 2012.[3] (Ex. P.) Petitioner filed an
amended Rule 3.850 motion on June 1, 2012. (Ex. Q.) As relevant,
Petitioner's grounds for post-conviction relief were (1) ineffective counsel in
failing to request a special jury instruction for the good faith defense theory,
and (2) ineffective counsel in failing to call defense witnesses in lieu of
defendant testifying. (Exs. P at 29–32, 39; Q at 29–32, 39–40.)

On February 19, 2014, the state circuit court summarily denied the
motion without an evidentiary hearing. (Ex. R at 7–10.) Petitioner appealed
the denial, and on September 15, 2014, the First District affirmed *per
curium* without opinion. (Ex. V.) Petitioner filed a motion for rehearing and
for written opinion, which the First District denied without comment. (Ex.
W.)

Petitioner next filed his original petition for a writ of habeas corpus on
October 29, 2014, presenting only one ground for relief: ineffective counsel
in failing to request jury instructions to support the theory of defense. (ECF

---

[3] This is the date on which Petitioner submitted his motion to the prison for
mailing. (Ex. P) The dates used for other filings from Petitioner are also those on which
Petitioner submitted the filing for mailing at the prison.

No. 1.) On November 26, 2014, the Petitioner filed an Amended Petition for a writ of habeas corpus raising both the original ground and an additional second ground for relief: ineffective assistance of counsel in failing to call Keith Breault, Mark Brawley, and Jeromy Easton as defense witnesses. (ECF No. 5.)

Respondent filed a motion to dismiss ground two of the Amended Petition as untimely. (ECF No. 9.) The Court granted the Respondent's Motion to Dismiss ground two of the Amended Petition and directed the parties to brief ground one of the Amended Petition on the merits. (ECF No. 15.)

## Section 2254 Standard of Review

The role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited. *Williams v. Taylor*, 529 U.S. 362, 403–04 (2000). Under section 2254(a), federal courts "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Additionally, federal courts must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary

to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Carrizales v. Wainwright*, 699 F.2d 1053, 1054–55 (11th Cir. 1983).

Moreover, a habeas petition grounded on issues of state law provides no basis for habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 120–21 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). A federal writ of habeas corpus is only available in cases of federal constitutional error. *See Jones v. Goodwin,* 982 F.2d 464, 471 (11th Cir.1993); *Krasnow v. Navarro,* 909 F.2d 451, 452 (11th Cir.1990). The limitation on federal habeas review applies with equal force when a petition, which truly involves only state law issues, is "couched" in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508.

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceeding."  Under §

2254(e)(1), the petitioner must advance clear and convincing evidence that

the state court's factual determination was "objectively unreasonable" to

rebut the presumption that the determination was correct. *Gill v. Mecusker*,

633 F.3d 1272, 1287 (11th Cir. 2011); 28 U.S.C. § 2254(e)(1).  "'[A]

state-court factual determination is not unreasonable merely because the

federal habeas court would have reached a different conclusion in the first

instance.'"  *Burt v. Titlow,* 134 S. Ct. 10, 15 (2013) (quoting  *Wood v. Allen*,

558 U.S. 290, 301 (2010)).

As to legal findings, as mentioned above, a petitioner is entitled to

federal habeas relief only if the state court's adjudication of the merits of

the federal claim "resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States." § 2254(d)(1).

"[C]learly established Federal law, as determined by the Supreme Court of

the United States," refers only to holdings (rather than *dicta*) of the

Supreme Court, but decisions of lower federal courts may be considered to

the extent that they demonstrate how those courts applied Supreme Court

holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003); *see*

*also Carey v. Musladin,* 549 U.S. 70, 74–77 (2006).

"Under § 2254(d)(1)'s 'contrary to' clause, we grant relief only 'if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts.'" *Jones v. GDCP Warden*, 753 F.3d 1171, 1182 (11th Cir. 2014) (alterations in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)).  For § 2254(d)(1), clearly established federal law includes only the holdings, not the dicta of Supreme Court decisions. *White v. Woodall*, 134 S.Ct. 1697, 1702 (2014).  "Under § 2254(d)(1)'s 'unreasonable application' clause, we grant relief only 'if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Jones*, 753 F.3d at 1182 (alteration in original) (quoting *Williams*, 529 U.S. at 413).

The Supreme Court has interpreted § 2254(d) as requiring that "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).  "[A]n 'unreasonable application' of [Supreme Court]

holdings must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *Woodall*, 134 S.Ct. at 1702.  In other words, Petitioner must establish that no fairminded jurist would have reached the Florida court's conclusion.  *See Richter*, 562 U.S. at 102–03; *Holsey v. Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1257–58 (11th Cir.2012). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 562 U.S. at 102.

In light of *Gill*, the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact-finding only to the extent that the state court's ultimate conclusion relied on it. 633 F.3d at 1292. A federal habeas court can consider the full record before it to answer "the only question" that matters: "whether the state court's determination [was] objectively unreasonable."  *Id.* at 1290.

## Ineffective Assistance of Counsel

Because Petitioner's remaining claim alleges ineffective assistance of counsel, a review of the applicable law is necessary. Under *Strickland v. Washington*, to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate that (1) his counsel's performance was below an objective and reasonable professional norm, and (2) he was

prejudiced by this inadequacy. *Strickland*, 466 U.S. 668, 686–96 (1984). The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en banc). "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and

> so on.  The lawyer's strategy was course A.  And [the Court's]
> inquiry is limited to whether this strategy, that is, course A,
> might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.

When the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington*, 562 U.S. at 102. The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court.  28 U.S.C. § 2254(d)(1).  As the Supreme Court explained, error alone is not enough because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 562 U.S. at 100 (internal quotation marks omitted).  And

"even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 102.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated another way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may the federal court grant relief. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 105.  When combined with the extra layer of deference that § 2254 provides, the result is double deference, and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard."  *Id*. Double deference is doubly difficult

for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that a state court denied on the merits is found to merit relief in a federal habeas proceeding.

## DISCUSSION

**Trial counsel's failure to request a special jury instruction on the good faith theory of defense does not constitute ineffective assistance of counsel.**

Petitioner contends that his trial counsel rendered ineffective assistance in failing to request jury instructions on the good faith theory of defense. (ECF No. 5 at 5.) Petitioner asserts that counsel's failure to request the applicable good faith instruction seriously impaired his ability to present his own defense to the charges against him. (*Id*. at 6.) Thus, Petitioner contends that had his trial counsel requested special jury instructions on the good faith defense, the outcome of his case would have been different. (*Id.*)

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate

review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  To properly exhaust a federal claim, a petitioner must fairly present the claim in each appropriate state court, thereby affording the state courts a meaningful "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks omitted) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

Petitioner similarly asserted in his Rule 3.850 motion that trial counsel was ineffective in failing to request a special jury instruction to support the theory of defense. (Exs. P at 39, Q at 39–40.) The state circuit court summarily denied post-conviction relief. (Ex. R.) Petitioner appealed, and the First District *per curiam* affirmed without opinion. (Ex. V.) Thus, Petitioner has sufficiently exhausted all state remedies.

When the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington*, 562 U.S. at 102. The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. § 2254(d)(1). Accordingly, the First District's determination as to the

argument similarly asserted in Ground One is entitled to deference, and the Court must determine whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. *See Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011).

In the instant case, Petitioner has failed to show that the state court's decision was an unreasonable application of *Strickland*. Specifically, Petitioner has not demonstrated that he suffered prejudice pursuant to prong two of *Strickland*. To meet the second prong of the *Strickland* test, a "defendant must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Petitioner claims that the jury would have "profited by" a special instruction on the good faith theory of defense. (ECF No. 27 at 1.) This argument, however, is insufficient under *Strickland* because to establish prejudice for an ineffective assistance of counsel claim, Petitioner must prove that a special jury instruction would have had a reasonable probability of changing the outcome of the case.  And for a jury instruction to likely change the outcome of a case, there must be a corresponding

probability that the trial judge would have granted the jury instruction.

It was not likely that the trial judge would have granted a jury instruction on the good faith defense in Petitioner's case.  A trial judge's holding that a defendant is not entitled to an instruction on good faith theory of defense may be premised on a finding of either complete and total lack of evidence to support the defense or a finding that the evidence supporting the defense was demonstrably false or inconsistent with honest conduct. *Cliff Berry, Inc. v. State*, 116 So. 3d 394, 408 (Fla. 3d DCA 2012); *see also Stephens v. State*, 787 So. 2d 747, 756 (Fla. 2001) (stating that in order to be entitled to a special jury instruction, the defendant must prove that the special instruction was supported by the evidence).

The only evidence offered at Petitioner's trial to support the good faith defense was Petitioner's own testimony. (ECF No. 27 at 5.) Petitioner's argument that his self-serving testimony was enough to support a grant good faith jury instruction could reasonably have been considered inconsistent with honest conduct when examined in light of the entire record.

Petitioner testified that he was "duped" by his girlfriend's son, Matthew Wells. (Ex. E at 87–110.) Petitioner stated that Wells tricked him into believing that it was okay to enter the dwelling of a person he did not

know, by climbing through a bedroom window, to remove a stereo that
Wells claimed he had purchased from the dwelling's occupant, who had
given Wells permission to enter through the window. (*Id.*) Based on this
testimony, Petitioner asserts that he was entitled to a good faith defense
jury instruction.

Petitioner's testimony, however, was inconsistent with the rest of the
evidence. At the outset of Petitioner's testimony he admitted to having
twenty-nine prior felony convictions, of which twenty were for crimes of
dishonesty or false statement. (Ex. E at 83–86, 88.) Petitioner also
admitted to having four misdemeanor convictions for crimes of dishonesty
or false statement. (Ex. E at 83–86, 87–88).

Additionally, despite the fact that the crime was committed in the
month of March in Florida, Officer Girard testified that at the time Petitioner
was apprehended jumping from the window of the dwelling in question, a
pair of gloves fell out of Petitioner's pocket. (Ex. E at 35–36.) Furthermore,
evidence shows that the bedroom that Petitioner had climbed into had
been "trashed" and efforts had been made to take a DVD/VHS player and
a television. (Ex. E at 27–28, 54–57.) These facts provide a reasonable
basis for finding that Petitioner failed to demonstrate that the trial judge
would likely have granted a good faith jury instruction, even had his trial

counsel requested it. Therefore, Petitioner's assertion that the state court had no reasonable basis to deny his ineffective assistance of counsel claim under *Strickland* fails.

Because it is not likely that the trial judge would have granted a good faith instruction, Petitioner has failed to prove any potential prejudice from his trial counsel's failure to request a jury instruction on the good faith defense. Because Petitioner has failed to show prejudice, there is no need to address the other prong of the *Strickland* test. See *Strickland v. Washington*, 466 U.S. 668, 687 (1984) ("[T]here is no reason for a court deciding an ineffective assistance of counsel claim to . . . address both components of the inquiry if the defendant makes in insufficient showing on one."). Petitioner's trial counsel was, therefore, not ineffective for failing to requests a jury instruction on the good faith theory of defense.

Petitioner has failed to show that the state court's rejection of this ineffective assistance claim was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Burt,* 134 S. Ct. at 12 (quoting *Harrington v. Richter*, 131 S. Ct. 770, 787 (2013)). The Court, therefore, concludes that the state court's denial of relief was not unreasonable or lacking in justification. Accordingly, Petitioner is not entitled to federal habeas relief.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

## CONCLUSION

Accordingly, it is respectfully **RECOMMENDED:**

1. The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, ECF No. 5, should be **DENIED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 7th day of February 2017.


*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.